IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nathaniel R. Daly,** | ) CASE NO. 1:22 CV 1646 |
| Petitioner, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| **F. Garza, Warden,** | ) |
| Respondent. | ) |

## Background

*Pro se* Petitioner Nathaniel R. Daly is a federal inmate confined at the Federal Correctional Institution Elkton ("Elkton"). He has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons's (BOP) determination as to his eligibility for sentence credits under the First Step Act and seeking an order requiring the BOP to award him credit to which he contends he is entitled. (Doc. No. 1.) He has also filed a motion to supplement (Doc. No. 3) and an "Emergency Motion for Expedited Briefing Schedule." (Doc. No. 4.) He did not pay the filing fee or submit a motion to proceed *in forma pauperis*. Nonetheless, for the following reasons the Court finds that his Petition must be dismissed without prejudice.

## Standard of Review and Discussion

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The Court finds it apparent on the face of the Petition that Petitioner is not entitled to relief in district court.

Before a prisoner may seek *habeas corpus* relief in federal court under § 2241, he must first exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id*. Administrative remedies must be exhausted prior to filing suit and in conformity with the agency's claims processing rules. *See Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

The face of the Petition and Petitioner's motions demonstrate that he has not fully exhausted his administrative remedies with the BOP in accordance with the agency's processing rules. According to Petitioner's pleadings, he filed a Request for Administrative Remedy with

the Warden, to which the Warden responded on September 14, 2022. (*See* Doc. No. 3-1 at 2.) He then appealed to Regional Director on September 16, 2022. (Doc. No. 3-1 at 1.) However, he filed the Petition in this matter on September 15, 2022, a day before he filed his appeal with the Regional Director as required, and without appealing to the BOP's Office of General Counsel. Thus, Petitioner clearly filed his Petition prior to fully exhausting his available administrative remedies with respect to his claim in compliance with the agency's processing rules, warranting denial of his petition without prejudice.

## Conclusion

It is therefore ordered that the Petition in this matter is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

While this case will be dismissed and closed, after the administrative remedy process is complete, Petitioner may file a new petition in an entirely new case regarding this matter should he choose to do so. However, he is further advised that, to properly initiate a case in this Court, he must complete a complete habeas petition *and* either pay the $5.00 filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis*.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2022